UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WILLIAMS, et al.,<br>    Plaintiffs,<br>    v.<br>COMCAST CORPORATION, et al.,<br>    Defendants. | Case No. 15-cv-04732-JSW<br><br>Dkt. No. 84 |
| GREGORY PETERS, et al.,<br>    Plaintiffs,<br>    v.<br>COMCAST CORPORATION, et al.,<br>    Defendants. | Case No. 15-cv-04869-JSW<br><br>Dkt. No. 110 |
| FRANCISCO FLORES, et al.,<br>    Plaintiffs,<br>    v.<br>COMCAST CORPORATION, et al.,<br>    Defendants. | Case No. 16-cv-04176-JSW<br><br>Dkt. No. 72 |

| | |
|---|---|
| JOSEPH JOSHUA DAVIS, et al.,<br>Plaintiffs,<br>v.<br>COMCAST CORPORATION, et al.,<br>Defendants. | Case No. 16-cv-04177-JSW<br><br>Dkt. No. 76 |
| HERNAN PAEZ, et al.,<br>Plaintiffs,<br>v.<br>COMCAST CORPORATION, et al.,<br>Defendants. | Case No. 16-cv-04181-JSW<br><br>Dkt. No. 75 |
| KEVIN HUFFMAN, et al.,<br>Plaintiffs,<br>v.<br>COMCAST CORPORATION, et al.,<br>Defendants. | Case No. 16-cv-04183-JSW<br><br>Dkt. No. 80<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE** |

Now before the Court is the motion to dismiss filed by Comcast Cable Communications Management, LLC ("Comcast"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court hereby DENIES Comcast's motion to dismiss but ORDERS that Plaintiff Richard Pridmore sit for a deposition no later than October 6, 2017. In addition, the Court ORDERS Plaintiffs Leon Gibson, Francisco Flores, Rick Alexander, Robert Crawford, Bobby Holland, Aaron Arrington, Carlos Estrada, Joseph Williams, and Gilbert Bacio to SHOW CAUSE why their actions should not be dismissed for failure to prosecute.

## BACKGROUND

Plaintiffs in these actions are current or former Comcast communications technicians. In each action, Plaintiffs allege that Comcast failed to provide legally compliant meal and rest breaks and also failed to pay Plaintiffs for all hours worked. These individual actions were filed at the end of 2014 following the decertification of the *Fayerweather v. Comcast*, No. Civ MSC09-01470, case that had been proceeding in California state court.

The deadline for fact discovery in these actions was June 5, 2017. (*See, e.g.*, *Williams v. Comcast Corp.*, No. 15-cv-4732, Dkt. No. 52[1]). On March 30, 2017, the parties submitted to Magistrate Judge Vadas a discovery letter brief indicating that dozens of Plaintiffs in the various individual actions had not sat for deposition. (Dkt. No. 70, at 1). In this discovery letter brief, Comcast stated:

> It is essential that Comcast be allowed to depose all Plaintiffs before the close of discovery in order to be able to defend itself in this litigation. In addition, it is equally essential that Comcast know which Plaintiffs are actually real litigants who are intent on pursuing their allegations. Accordingly, Comcast seeks an order compelling the following individuals to sit for deposition prior to the close of fact discovery or dismiss their claims . . . .

(*Id.* at 2.) On April 11, 2017, Judge Vadas ordered: "No later than April 25, 2017, Plaintiffs are to provide Defendants with a list of dates and times for the depositions of the remaining Plaintiffs." (Dkt. No. 74.)

On June 5, 2017—the day fact discovery closed pursuant to this Court's scheduling order—Plaintiff filed a letter brief before Judge Vadas seeking additional time to complete the depositions for Plaintiffs Flores, Bacio, Arrington, Alexander, Estrada, Crawford, Gibson, Holland, and Williams. (Dkt. No. 78, at 1.) Plaintiffs' counsel wrote:

> For some inexplicable reason, Plaintiffs' counsel have been unable to contact and confirm deposition dates for these 9 plaintiffs listed above despite numerous efforts to locate them. . . .
>
> The efforts to locate Plaintiffs has been [sic] extensive. Plaintiffs' counsel have called, e-mailed, telephoned, mailed, and skip-traced the above plaintiffs. Despite these efforts, Plaintiffs' counsel have

---

[1] For ease of reference, all docket entries in this Order refer to the *Williams v. Comcast Corp.* case unless otherwise indicated.

> received no response and have been unable to locate them. Plaintiffs' counsel does not know if any attempts to contact them have been received. We are now working to notify next of kin to see if we can track these 9 people down through family.

(Dkt. No. 78, at 2.) As a result, Plaintiffs' counsel requested "an extension to July 5 to allow counsel additional time to locate the nine plaintiffs referenced above." *Id.* In addition, as to Plaintiff Richard Pridmore, Plaintiffs' counsel indicated that Mr.Pridmore's career as a truck driver had impeded his ability to sit for a deposition and requested relief from the June 5, 2017 fact discovery deadline. (*Id.*) Counsel stated that "Plaintiff [Mr. Pridmore] agrees to sit for a deposition in the near future." (*Id.*)

The following day, Judge Vadas denied Plaintiffs' discovery letter brief. (Dkt. No. 79.) Judge Vadas recognized that "[a]ny request for a change to the court's scheduling order must be addressed to the presiding judge, District Judge Jeffrey S. White." (*Id.* at 1.) Plaintiffs never filed a motion or otherwise sought relief from the fact discovery deadline from this Court.

On July 31, 2017, Comcast filed the instant motion to dismiss.

## ANALYSIS

### A.  Applicable Legal Standard.

Federal Rule of Civil Procedure 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In deciding whether to dismiss an action on either ground, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This "list of factors amounts to a way for the district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." *Valley Engineers Inc. v. Electric Engineering CO.*, 158 F.3d 1051, 1057 (9th Cir. 1998). The Ninth Circuit, however, will generally "affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**B. Discussion**

    **1. Plaintiff Pridmore Will Have One Final Opportunity to Sit for a Deposition.**

In response to Judge Vadas's April 11, 2017 order, the parties attempted to schedule a deposition for Mr. Pridmore. Initially, Plaintiffs' counsel offered May 23, 2017 as a deposition date, but this was then moved to June 5, 2017. (Dkt. No. 84-1, Valdez Decl. ¶ 10.) On June 2, 2017, Plaintiffs' counsel apparently canceled the June 5, 2017 deposition and instead requested that Mr. Pridmore be deposed via video on Sunday, June 4, 2017 in Redmond, Washington. (*Id.*) This deposition did not occur because a court report could not be found. (Dkt. No. 87-1, Patrick Decl. ¶ 6.)

The Court believes it would be within its discretion to dismiss Mr. Pridmore's action for failure to comply with the Court's orders (or for failure to prosecute). First, the Court's need to manage its docket and the public's interest in expeditious resolution of litigation weigh in favor of dismissal. This is particularly the case here because Mr. Pridmore's failure to sit for a deposition has stalled this case for several months. *See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (the first two factors weigh in favor of dismissal since "[t]he public's interest in expeditious litigation always favors dismissal" and "[i]t is incumbent upon the [c]ourt to manage its docket without being subject to routine noncompliance of litigants"). Second, Comcast has shown at least some risk of prejudice as a result of Mr. Pridmore's failure to sit for his deposition before the fact-discovery deadline. By not sitting for his deposition as required, Mr. Pridmore has "impair[ed] [Comcast's] ability to go to trial" and "threaten[s] to interfere with the rightful decision of the case." . *In re Phenuylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citation omitted).

Nonetheless, the Court has concluded that the countervailing interests warrant denying Comcast's motion to dismiss Mr. Pridmore's action. First, the Court notes that granting Mr. Pridmore one final opportunity to sit for a deposition poses a minimal risk of prejudice to Comcast. The final day for hearing dispositive motions in this case is February 23, 2018 (Dkt. No. 92) and a global mediation between the parties is set for December 2017 (Dkt. No. 88). As a result, Comcast has sufficient time to depose Mr. Pridmore and then litigate (either through

motion practice, mediation, or trial) the merits of Mr. Pridmore's claims. Second, the Court takes seriously the public policy favoring disposition of cases on their merits. *See J&J Sports Productions, Inc. v. Mojica*, No. 11-CV-05440 LHK, 2014 WL 4794179 (N.D. Cal. Sept. 25, 2014) ("The public policy that favors disposition of cases on their merits means that this factor almost always weighs against dismissal.").

Finally, the Court finds less drastic alternatives to outright dismissal are available. The Court hereby ORDERS Mr. Pridmore to sit for a deposition in this matter no later than **October 6, 2017**. Mr. Pridmore is warned that failure to sit for a deposition as ordered will likely result in dismissal of his action, with prejudice, for failure to comply with Court orders and failure to prosecute. *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (warnings that failure to obey a court order will result in dismissal may satisfy the "consideration of alternatives" requirement).

In addition, the Court finds that monetary sanctions on Plaintiffs' counsel may be an appropriate "less drastic alternative" in these circumstances. The Court notes that Plaintiffs' counsel appears to have displayed a relative lack of diligence in litigating Mr. Pridmore's action. As detailed above, counsel waited until the day of the fact discovery deadline to seek relief from this Court's scheduling order. Then, having finally decided to seek such relief, they improperly sought it from Judge Vadas. Even after Judge Vadas informed counsel that he could not grant the requested relief and counsel would have to file a motion before this Court, Plaintiffs' counsel did nothing. Instead, counsel waited for *Comcast* to expend resources on a motion to dismiss and then used their opposition brief as an improper (and untimely) vehicle to seek relief from the Court's scheduling order. Finally, while counsel claims the difficulty in scheduling Mr. Pridmore's deposition was the result of Mr. Pridmore's career as a long haul truck driver, nowhere do they include a declaration from Mr. Pridmore attesting to these facts. Similarly, counsel completely fails to explain what steps they took to have Mr. Pridmore sit for his deposition by the deadline.

For these reasons, Plaintiffs' counsel is ORDERED TO SHOW CAUSE why the Court should not require counsel (and not Mr. Pridmore) to pay: (1) the reasonable costs Comcast incurred as a result of the prior deposition dates being canceled; and (2) the reasonable costs and

attorneys' fees Comcast incurred in bringing the instant motion and reply. Plaintiffs' counsel's response to this order to show cause is due by **Wednesday, September 20, 2017**.

**2. The Non-Responsive Plaintiffs Are Ordered to Show Cause.**

Much of what the Court said regarding Mr. Pridmore applies to the remaining Plaintiffs who are at issue in Comcast's motion to dismiss: Plaintiffs Flores, Estrada, Bacio, Aarington, Crawford, Alexander, Gibson, Williams, and Holland. These Plaintiffs, however, have the added complication that Plaintiffs' counsel apparently has been unable to locate or communicate with them for several months.[2]

The public's interest in expeditious resolution of litigation and the court's need to manage its docket are at their zenith where a plaintiff chooses to abandon their case. Further, in such circumstances, the public policy in having the action adjudicated on the merits actually weighs in favor of dismissal. Finally, the prejudice inherent in requiring a defendant to defend a case with no plaintiff and the unavailability of less drastic alternatives are readily apparent.

In their opposition, Plaintiffs' counsel requests additional time to locate these non-responsive Plaintiffs. Nowhere, however, does counsel indicate what steps they would take, beyond those already taken, to locate the Plaintiffs were the Court to grant such an extension. The Court therefore finds that permitting counsel additional time to locate their clients would be futile.

For these reasons, Plaintiffs Leon Gibson, Francisco Flores, Rick Alexander, Robert Crawford, Bobby Holland, Aaron Arrington, Carlos Estrada, Joseph Williams, and Gilbert Bacio are ORDERED TO SHOW CAUSE by **Wednesday, September 20, 2017**, why their cases should not be dismissed, with prejudice, for failure to prosecute. These Plaintiffs may: (1) respond to this order to show cause through their current counsel; (2) respond without an attorney; or (3) hire a new attorney and respond through that attorney after the attorney files a notice of appearance in

---

[2] The Court is concerned with how Plaintiffs' counsel has handled these non-responsive Plaintiffs. This is not the first time counsel has been faced with clients who have stopped communicating with them. (*See* Dkt. Nos. 65, 67.) When this happened before, Plaintiffs' counsel acted proactively and filed a motion to withdraw, thus allowing the Court to address the situation without Comcast expending resources. Here, by contrast, Comcast was forced to file a motion to dismiss claims brought by Plaintiffs who, by all appearances, have abandoned their cases. Plaintiffs' counsel shall address this issue in their response to the above Order to Show Cause.

7

compliance with Northern District of California Civil Local Rules 5-1(c)(2) and 11-5.[3]

The Court hereby WARNS the individual Plaintiffs listed in the preceding paragraph that the failure to respond by September 20, 2017, either individually or through counsel, is very likely to result in DISMISSAL WITH PREJUDICE of each of their cases, as to them individually, for failure to prosecute.

The Court further ORDERS counsel for Plaintiffs to serve a copy of this order via (1) U.S. Mail on each of the individual Plaintiffs listed above at the last known address counsel has for the Plaintiff and his next of kin; and (2) e-mail to Plaintiffs' last known e-mail address. Plaintiffs' counsel shall file proof of such service no later than **Thursday, September 7, 2017**.

If any Plaintiff responds to the order to show cause, any party (including Comcast or Plaintiffs' counsel) may file a reply no later than **September 27, 2017**.

## CONCLUSION

For the foregoing reasons, Comcast's motion to dismiss is DENIED.

Mr. Pridmore is ORDERED to sit for a deposition no later than October 6, 2017.;

Plaintiffs Leon Gibson, Francisco Flores, Rick Alexander, Robert Crawford, Bobby Holland, Aaron Arrington, Carlos Estrada, Joseph Williams, and Gilbert Bacio are ORDERED TO SHOW CAUSE by September 20, 2017 why their cases should not be dismissed, with prejudice for failure to prosecute. Plaintiffs' counsel shall serve a copy of this order on these Plaintiffs and file a proof of service by Thursday, September 7, 2017.

///
///
///
///
///
///

---

[3] In their opposition, Plaintiffs' counsel request, in conclusory fashion, that this Court permit them to withdraw from representing the non-responsive Plaintiffs. The Court does not address this request as counsel has failed to file a proper motion requesting that relief.

8

Plaintiffs' counsel are ORDERED TO SHOW CAUSE by September 20, 2017 why they should not be required to pay: (1) the reasonable costs incurred by Comcast resulting from the prior cancellations of Mr. Pridmore's deposition and (2) the reasonable costs and attorneys' fees incurred by Comcast in bringing the instant motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 6, 2017

_____
JEFFREY S. WHITE
United States District Judge